IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN A. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: |
| C.E. RES. LLC d/b/a TWISTED OAR and ) | |
| CHARLES CARY EUBANK, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff John A. Martin, and files this complaint against Defendants C.E. Res. LLC d/b/a Twisted Oar (hereinafter "C.E. Res.") and Charles Cary Eubank (hereinafter "Eubank") and shows the following:

## Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants.

1

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant C.E. Res. LLC (hereinafter "C.E. Res."), Inc. may be served by delivering a copy of the summons and complaint to its registered agent, James D. Stokes at 109 Powers Ferry Road, Suite F, Marietta, Georgia, 30067.

5.

Defendant Charles Cary Eubank (hereinafter "Eubank") may be served by delivering a copy of the summons and complaint to his work address at 13695 Highway 9, Alpharetta, GA, 30004.

6.

The unlawful employment practices alleged in this Complaint were committed by Defendants who both reside in this division and district. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

7.

Plaintiff was employed by Defendant C.E. Res. during the three years prior

to the filing of this lawsuit.

8.

Defendant C.E. Res. is a corporation licensed to do business in Georgia.

9.

Defendant Eubank is a resident of Georgia.

**Factual Allegations**

10.

C.E. Res. is d/b/a for the restaurant, Twisted Oar, located at Lake Lanier, Georgia.

11.

At all times material hereto, C.E. Res. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

12.

At all times material hereto, C.E. Res. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

At all times material hereto, C.E. Res. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

14.

At all times material hereto, C.E. Res. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

The "goods" referenced in the previous paragraph include, but are not limited to food and beverage supplies and credit card transactions.

16.

Upon information an belief, in all relevant years, C.E. Res. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

For up to three years prior to the filing of the instant complaint, Defendants failed to pay the overtime premium for Plaintiff when he worked more than 40 hours in a workweek.

18.

Plaintiff was hired as a cook at Twisted in Oar on or around July 1, 2017. He generally worked six days per week for ten or more hours per shift.

19.

Plaintiff was paid straight time at $12 per hour for all hours worked. He was not paid the overtime premium for working more than 40 hours per week.

20.

Plaintiff estimates that he is owed $2,459.58 in unpaid overtime for hours worked between July 1, 2017 and October 15, 2017.

21.

In early October 2017, Plaintiff asked Defendant Eubank directly as to why he was not being paid the overtime premium.

22.

Following his inquiry, Plaintiff hours were reduced greatly and he was placed in "on-call" status.

23.

Plaintiff believes that his questions about overtime pay led to his significant cut in hours.

24.

Defendant Eubank had discretion over Plaintiff' working hours, employment status, and overtime compensation.

25.

Defendant Eubank acted both directly and indirectly in the interest of C.E.

Res. and was in a supervisory position over Plaintiff.

26.

C.E. Res. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

27.

Defendant Eubank is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

28.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

29.

The overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

## CLAIMS

### I. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

30.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

31.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## II.     Retaliation under the Fair Labor Standards Act

32.

Plaintiff engaged in an activity protected by the FLSA, suffered adverse action by Defendants subsequent to his protected activity, and a causal connection existed between Plaintiff's activity and Defendants' adverse action.

33.

Defendants, in placing Plaintiff on "on-call" status and reducing his hours in response to Plaintiff's complaints about unpaid overtime, violated FLSA § 15(a), 29 U.S.C. § 215(a).

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully request that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the

FLSA;

(C) Enter judgment awarding Plaintiff damages for retaliation as may be just and appropriate, including, but not limited to, back wages, liquidated damages, compensatory and/or punitive damages, court costs, expert witness fees, reasonable attorneys' fees and all other remedies allowed under the FLSA.

(D) Grant declaratory judgment declaring that Plaintiff' rights have been violated; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 22nd day of January, 2018.

                              **THE SHARMAN LAW FIRM LLC**

                              /s/ Paul J. Sharman
                              PAUL J. SHARMAN
                              Georgia State Bar No. 227207

                              The Sharman Law Firm LLC
                              11175 Cicero Drive, Suite 100
                              Alpharetta, GA 30022
                              Phone: (678) 242-5297
                              Fax: (678) 802-2129
                              Email: paul@sharman-law.com

                              Counsel for Plaintiff